UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SUN MICRO MEDICAL TECHNOLOGIES CORP.,

Plaintiff,

-against-

PASSPORT HEALTH COMMUNICATIONS, INC., and HEALTHWORKS ALLIANCE, INC.,

Defendants.

------------------------------------X

06 Civ. 2083 (RWS)

OPINION



A P P E A R A N C E S:

Attorneys for Plaintiff

A. TODD MEROLLA, P.C.
5855 Sandy Springs Circle
Atlanta, GA 30328
By: A. Todd Merolla, Esq.

CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
By: Stephen J. Fearon, Esq.
John Maggio, Esq.

Attorneys for Defendants

NORWICK & SCHAD
110 East 59th Street
New York, NY 10022
By: Kenneth P. Norwick, Esq.

WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-1760
By: Robb S. Harvey, Esq.
Richard G. Sanders, Esq.

**Sweet, D.J.**

Three motions are presently before the court in this action. First, defendant Passport Health Communications, Inc. ("Passport") has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the fourth cause of action in the First Amended Complaint ("FAC") of plaintiff Sun Micro Medical Technologies Corp. ("SMT") alleging copyright infringement. Second, SMT has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the counterclaims of defendant Health Alliance, Inc. ("HAI") as untimely. Finally, SMT has moved under Rule 15(a), Fed. R. Civ. P., to amend the caption to drop HAI as a defendant. For the reasons set forth below, all three motions are denied.

**Prior Proceedings**

SMT filed its original complaint against defendants Passport and HAI, as well as against individuals Dave Tribbett, Adolph Paier, and Jack Darnell (collectively, the "Individual Defendants"), on March 16, 2006. The complaint alleged that SMT and HAI had entered into an Amended Distributor Agreement on or about July 16, 2002 (the "Amended Agreement"), in which SMT licensed to HAI the "SMT Information" which, among other things, included the copyright in a computer program known as "MediTracker." See Compl. ¶¶ 7, 11-12.

The SMT complaint alleged diversity jurisdiction and jurisdiction pursuant to the Copyright Act, 28 U.S.C. § 1338(a), seeking a declaratory judgment that Healthworks and Passport had used the SMT Information (Compl. ¶¶ 19-20); damages for breach of contract (id. ¶¶ 21-24), fraud in the inducement (id. ¶¶ 25-35), conversion (id. ¶¶ 36-39), and copyright infringement (id. ¶¶ 40-44); and for punitive damages (id. ¶¶ 45-47).

In May 2006, the Individual Defendants and Passport, in separate motions, moved to dismiss the action for lack of personal jurisdiction. In addition, all defendants moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the claims for fraud in the inducement, conversion, copyright infringement, and punitive damages.

By Opinion and Order dated December 4, 2006 (the "December 4 Opinion"), certain motions to dismiss by the defendants were granted, determining that: (1) SMT lacked personal jurisdiction over Passport and the Individual Defendants; (2) SMT had failed to state claims for fraud in the inducement, conversion, and copyright infringement; and (3) there was no separate claim available for punitive damages. See generally Sun Micro Med. Techs. Corp. v. Passport Health Commc'ns, Inc., No. 06 Civ. 2083(RWS), 2006 WL 3500702 (S.D.N.Y. Dec. 4, 2006).

On December 26, 2006, SMT filed the FAC against HAI, rejoining Passport. The FAC alleges four causes of action, including: (1) declaratory judgment; (2) breach of contract; (3) fraud in the inducement (based on alleged statements made by the Individual Defendants, who are no longer parties to this action); and (4) copyright infringement, against Passport only.

On January 4, 2007, articles of merger between Passport and HAI were filed.

Passport and HAI requested an extension of time to file responsive papers to the FAC until February 5, 2007, which was granted by the Court by an order dated January 10, 2007. On February 5, 2007, Passport filed its motion to dismiss the fourth cause of action of the FAC. On February 19, 2007, Passport and HAI filed an Answer to the FAC, and HAI asserted five counterclaims against SMT, including: (1) breach of contract (Countercl. ¶¶ 38-41); (2) breach of express and implied warranty (id. ¶¶ 42-44); (3) fraud in the inducement and negligent misrepresentation (id. ¶¶ 45-50); (4) promissory fraud (id. ¶¶ 51-54); and (5) declaratory judgment (id. ¶¶ 55-58).

The Passport motion to dismiss the fourth cause of action and the SMT motion to dismiss the HAI counterclaims were heard and marked fully submitted on April 11, 2007. The SMT motion to amend the caption was marked fully submitted on June

20, 2007.

**The First Amended Complaint**

The FAC contains the following allegations:

- "On information and belief, Passport now uses the SMT Information in certain of its products, including but not limited to, SMT's 835 Interface." (FAC ¶ 40.)
- "In addition, on information and belief, Passport is now using work product ideas from SMT, including work flows, reports, and data relationships, to create improvements to certain products . . . ." (Id. ¶ 41.)
- "They [the Individual Defendants] all used the SMT Information to improve their Compliance Checker product, without acknowledging SMT's contribution." (Id. ¶ 43.)
- "On information and belief, Passport uses the SMT Information in their [sic] Compliance Checker product, which includes the following SMT Information functionalities . . . ." (Id. ¶ 44.)
- " . . . Passport . . . [is] offering, displaying, and selling products...that contain the SMT Information . . . ." (Id. ¶ 61.)
- "On information and belief, Passport uses the SMT Information in the marketing and sale of products that are either the same or substantially similar to SMT's federally registered work." (Id. ¶ 62.)
- "On information and belief, by its infringing acts, Passport has caused, and unless restrained by the court, will continue to cause, serious and irreparable injury and damage to SMT, by marketing, offering, and selling products that contain the SMT Information and SMT's federally registered work, which include Passport's Compliance Checker product." (Id. ¶ 63.)

In addition, in the FAC, SMT has described the "SMT Information" as consisting of "certain specific functionality, methodologies, algorithms and concepts that are found in its developed 'MediTracker' software..., all derivative works and new versions thereof developed by SMT, and all intellectual property rights and ownership in such functionality, methodologies, algorithms and concepts." (Id. ¶ 12.) SMT has again alleged that "Medi Track," for which it holds the copyright, is included in the "SMT Information." (Id. ¶ 13.)

**Discussion**

**1. The Rule 12(b)(6) Standard**

In reviewing a complaint for legal sufficiency under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court takes the material factual allegations as true and draws all reasonable inferences in favor of the plaintiff, dismissing the complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); accord Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176-77 (2d Cir. 2004). For the purposes of a Rule 12(b)(6) motion, all well pleaded allegations are

accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer, 416 U.S. at 236). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd., 375 F.3d at 176 (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).

The Court may consider outside documents that are integral to the complaint, regardless of whether those documents are attached to the complaint, so long as the pleader has given notice of them or refers to them. See Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001); Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000). "[W]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion." Garcia v. Lewis, No. 05 Civ. 1153(SAS), 2005 WL 1423253,

at *3 (S.D.N.Y. June 16, 2005). When ruling on a motion to dismiss, the Court may take judicial notice of records and reports of administrative bodies, items in the record of the case, matters of general public record, and copies of documents attached to the complaint. See Calcutti v. SBU, Inc., 224 F. Supp. 2d 691, 696 (S.D.N.Y. 2002).

**2. The Copyright Infringement Claim is Not Dismissed**

As both parties have recognized, "[t]o withstand a motion to dismiss, a properly plead copyright infringement claim must allege: '(i) which specific original work is the subject of the claim, (ii) that plaintiff owns the copyright in the work, (iii) that the copyright has been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright.'" Brought to Life Music, Inc. v. MCA Records, Inc., No. 02 Civ. 1164(RWS), 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003) (quoting Marvullo v. Gruner & Jahr AG & Co., No. 98CIV.5000(RLC), 2001 WL 40772, at *2 (S.D.N.Y. Jan.17, 2002)).

SMT has acknowledged that Passport's motion to dismiss the copyright infringement claim rests on the asserted failure of the FAC to satisfy the fourth prong of the standard. (Pl.'s Mem. in Opp'n 3.) Piecing together the revised allegations in the FAC, it is determined that SMT has met its burden, if only just

barely.

In the original complaint, SMT pled that: (1) Plaintiff is the owner of a copyright for Denial Tracker (Compl. ¶ 12); (2) "On information and belief, Passport now uses the SMT Information in certain of its products" (id. ¶ 17); (3) Passport's use constitutes a Hybrid Product for which Plaintiff is entitled to a royalty payment (id.); (4) Passport is now using work product ideas from Plaintiff (id.); and (5) by virtue of Passport's acts, "Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of its actual damages incurred as a result of the infringement" (id. ¶ 44). (See generally id. ¶¶ 41-44.) The Court previously found that "such general allegations as to acts of infringement are insufficient at the pleading stage," and dismissed the copyright infringement claim with leave to replead. Sun Micro Med. Techs. Corp., 2006 WL 3500702, at *12, 14.

Although SMT has asserted that the pleadings in the FAC show "a substantial increase in detail of the statement of its claim for copyright infringement," (Pl.'s Mem. in Opp'n 2), the FAC is still not an abundance of clarity in this regard. However, as noted by Passport, SMT has now alleged that Passport is "selling products that contain . . . SMT's federally registered work, which include Passport's Compliance Checker product." (Def.'s Mem. in Supp. 8 (citing FAC ¶ 63).) Passport

has not disputed that an allegation of "selling" may constitute an act of infringement, but rather contends that the allegation lacks sufficient specificity. (Def.'s Mem. in Supp. 8-9.)

Although a close call, the requisite specifications can be cobbled together from the allegations set forth in the FAC. First, the FAC specifically identifies Passport's selling of its Compliance Checker product, which is alleged to "contain . . . SMT's federally registered work," as an infringing act. (FAC ¶ 63.) Second, SMT's "federally registered work" that is allegedly contained in Passport's products is identified earlier in the FAC as "U.S.Reg. No. Txu-979-558 for Medi Track, a/k/a Denial Tracker, a/k/a Denial Manager, which is owned by SMT and properly registered in according with the Copyright Act." (Id. ¶ 61.) In addition, the FAC indicates that the date of the registration was January 3, 2001. (Id. ¶ 13.) Third, it is alleged earlier in the FAC that the selling of the products that constituted the alleged copyright infringement took place "at the time of service of the Complaint, on March 24, 2006," (id. ¶ 61), and the wording of the copyright infringement allegations indicates that the alleged infringement is ongoing, (id. ¶¶ 61-63). Therefore, SMT has sufficiently alleged "by what acts" - the selling of Passport's Compliance Checker product, which allegedly contains SMT's federally registered work Medi Track, and "during what time" - since the time of service of the Complaint, the alleged copyright infringement occurred.

Passport has contended that the reference to its Compliance Checker product "must be disregarded as a source of protectible expression because that product is clearly alleged to contain only non-protectible 'functionalities.'" (Def.'s Mem. in Supp. 9 (citing FAC ¶ 44).) The FAC also alleges, however, that the Compliance Checker product "contain[s] . . . SMT's federally registered work." (FAC ¶ 63.)

Therefore, drawing all reasonable inferences in favor of SMT, see supra, and recognizing that "dismissals for . . . ambiguities in pleadings are not favored" in this Circuit, Muze Inc. v. Digital on Demand, Inc., 356 F.3d 492, 495 (2d Cir. 2004) (quoting Arfons v. E.I. De Pont De Nemours & Co., 261 F.2d 434, 435 (2d Cir. 1958)), the motion to dismiss the cause of action for copyright infringement against Passport is denied.[1]

**3. The Counterclaims Are Not Dismissed**

SMT has moved to dismiss HAI's counterclaims under Rule 12(b)(6), Fed. R. Civ. P., but no substantive challenge has been made to any of these counterclaims. Instead, SMT has contended that because HAI's Answer to the FAC was served two weeks after the date set by the Court's order to move or answer, HAI is

[1] Although the Court dismissed the original complaint as against Passport on jurisdictional grounds, Passport has not reasserted the jurisdictional argument in opposition to the FAC's copyright infringement claim against Passport.

barred by Rule 13, Fed. R. Civ. P., from bringing a compulsory counterclaim.

Under SMT's reading of Federal Rule of Civil Procedure 13, if a responsive pleading is served after the date set to respond, the responding party loses its right to bring a compulsory counterclaim. However, Rule 13(a) only requires that the counterclaim be stated in the responsive pleading. See Fed. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party . . . ."); United States v. Snider, 779 F.2d 1151, 1157 (6th Cir. 1985) (stating that Rule 13(a) "requires the party to state such a claim 'at the time of serving a pleading.'"); Martino v. McDonald's Sys., Inc., 598 F.2d 1079, 1082-83 (7th Cir. 1979) (rejecting the argument that counterclaims were barred because the time to answer had passed). If a defendant does not bring a compulsory counterclaim in its answer, it may be precluded from bringing such claims in a later proceeding, but not necessarily the instant proceeding. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 160 (2d Cir. 1992). Even if a defendant has failed to include a counterclaim in its answer, it may move the court for leave to assert its counterclaim by amendment under Rule 13(f), Fed. R. Civ. P., and such leave will be "freely given," absent a showing of undue prejudice, bad-faith, delay, or futility. See, e.g., Nw. Nat'l Ins. Co. v. Alberts, 717 F. Supp. 148, 153

(S.D.N.Y. 1989).

SMT has cited no Second Circuit decision that barred a compulsory counterclaim in the same action as the one in which it should have been raised, but has cited Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1 (1974), and Harris v. Steinem, 571 F.2d 119, 122 (2d Cir. 1978). Harris cited the dicta in Baker, which in turn cited Mesker Bros. Iron Co. v. Donata Corp., 401 F.2d 275, 279 (4th Cir. 1968), which indicated that "the effect of a defendant's failure to assert a counterclaim made compulsory by [Rule 13(a)] is to preclude its assertion in a later action against the former plaintiff." Id. at 279 (citing New Britain Mach. Co. v. Yeo, 358 F.2d 397, 410 (6th Cir. 1966); Lesnick v. Pub. Indus. Corp., 144 F.2d 968 (2d Cir. 1944); 3 Moore, Federal Practice P13.12, at 27 (2d ed. 1968)).

Because Federal Rule of Civil Procedure 13(a) is essentially inapplicable as a basis for SMT's motion to dismiss the counterclaims and because SMT has not asserted any arguments in satisfaction of Rule 12(b)(6), Fed. R. Civ. P., to support that HAI has failed to state a claim upon which relief can be granted, the motion is denied.[2]

---

[2]SMT has asserted that HAI "failed to timely file a response to the [FAC] by way of answer or motion by February 5, 2007. As such, it should not be permitted to now pursue its counterclaim, which was filed on February 19, 2007." (Pl.'s Mem. in Supp. 3.) SMT has not, however, moved for default under Federal Rule of Civil Procedure 55.

**4. The Caption of the Case is Not Amended**

SMT has submitted evidence by way of affidavit to establish that Passport and HAI merged in January 2007 and has moved under Rule 15(a), Fed. R. Civ. P., to amend the caption to remove HAI as a named defendant. Passport has conceded the merger and has indicated that had SMT "merely sought to change the caption of the case, Defendants Passport and HAI would likely have consented." (Defs.' Mem. in Opp'n 1-2.) Passport and HAI have opposed the motion, however, on the grounds that it is unnecessary under Federal Rule of Civil Procedure 25(c) and was allegedly filed by SMT for the purpose of affecting the other two motions addressed herein. (Id. at 2-3.) In reply, SMT has asserted that Rule 25(c) is inapplicable in the case of "complete merger." (Pl.'s Reply 2.)

---

The standard for granting a default judgment under Rule 55 is whether there is "good cause," which requires consideration of whether the defendant's default was willful, whether declining to enter the default would prejudice the plaintiff, and whether the defendant presented a meritorious defense. Citadel Mgmt., Inc. v. Telesis Trust, Inc., 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000) (quoting Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986); Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994) (quoting Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981))). This test is to be applied in the context of the general preference "that litigation disputes be resolved on the merits, not by default." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983); Meehan, 652 F.2d at 277); see also Sony Corp., 800 F.2d at 320. Accordingly, even if SMT were to have made such a Rule 55 motion, it would be denied.

Rule 25(c) states in relevant part:

> (c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

Fed. R. Civ. P. 25(c). "The rule applies to ordinary transfers and assignments, as well as to corporate mergers. . . . If the transferor and the tranferee are both already parties to the action the court, again in its discretion may dismiss the transferor from the suit." 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1958 (2d ed. 1986); see also Freeman Mgmt. Corp. v. Shurgard Storage Ctrs., Inc., No. 3:06cv0736, 2007 WL 1556604 (M.D. Tenn. May 24, 2007) (indicating that corporate merger results in transfer of interests under Tennessee law).

Passport already being a defendant to the action, the Court exercises its discretion under Rule 25(c) and denies SMT's motion to amend the caption as unnecessary.

**Conclusion**

For the foregoing reasons, the Passport motion to dismiss the fourth cause of action in the FAC for copyright

infringement is denied, the SMT motion to dismiss the HAI counterclaims is denied, and the SMT motion to amend the caption is denied.

It is so ordered.

**New York, NY**
**July 31, 2007**

**ROBERT W. SWEET**
**U.S.D.J.**